UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RICHARD J. REYNA, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF WISCONSIN, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:22-cv-03231 (UNA) |

## MEMORANDUM OPINION

Currently before the court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the court will grant plaintiff's IFP application and dismiss the complaint.

Plaintiff, a resident of Oak Lawn, Illinois, sues the State of Wisconsin, Winnebago County and its Sherriff, the Milwaukee County Department of Corrections and Judiciary, and several local Wisconsin judges, court clerks, and commissioners. The complaint itself is difficult to follow and consists of a litany of grievances against the named defendants and against yet additional individuals and institutions. Plaintiff discusses, with spare context, details, or segues, topics including defendants' alleged: refusal to docket plaintiff's submissions, abuse of power and use of cruel and unusual punishment, submission of false reports and mental health examinations, violation of plaintiff's right to freedom of religious expression and speech, false arrest, an unconstitutional conviction, attempted murder, and discreet surveillance in plaintiff's bathroom. It is unclear how, if at all, the allegations and alleged wrongdoers all relate to one another, if at all, aside from insinuations of an overarching decades-long conspiracy against plaintiff, orchestrated

by various state actors in Wisconsin. He demands money damages, equitable relief, removal of the individual defendants from their positions as officials, and various forms of corporal punishment.

*Pro se* litigants must comply with the Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments[,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant complaint falls within this category. As presented, neither the court nor defendants can reasonably be expected to identify plaintiff's claims. Plaintiff has also failed to set forth a basis for this court's subject matter jurisdiction or venue, or his entitlement to any relief.

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

DATE: November 28, 2022                     ____/s/_____
                                            JAMES E. BOASBERG
                                            United States District Judge